IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEREMY RYAN CARD,** on Behalf of Himself and on Behalf of Others Similarly Situated, | § § § § | CA No._____ |
| Plaintiff, | § | JURY DEMANDED |
| v. | § § | |
| **QUALITY CABLE INSTALLERS, LLC,** Defendant. | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendant, QUALITY CABLE INSTALLERS, LLC ("Defendant"), fail to pay Plaintiff and its other helpers and foremen for all hours worked and also fail to pay appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2 Plaintiff, Jeremy Ryan Card, and the similarly situated individuals he seeks to represent, are current and former employees of Quality Cable Installers, LLC who worked as helpers and/or foremen within the last three years (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated helpers and foremen.

### 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Jeremy Ryan Card, lives in the Southern District of Texas. Plaintiff was a former employee of Defendant as a helper and then as a foreman. Plaintiff worked for Defendant as a helper from approximately February 2014 to March 2, 2014. Plaintiff worked for Defendant as a foreman from approximately March 3, 2014 to July 22, 2016. His written consent is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all helpers and foremen who worked for Defendant within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant Quality Cable Installers, LLC is an employer qualified to do business in Texas. Defendant can be served by, serving its Registered Agent for Service of Process, Tarin K. Williger, 384 Litchfield Lane, Houston, Texas 77024.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant has been an enterprise engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant has had annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Defendant is a cable installation company.

6.2 Plaintiff was hired to work as a helper for Defendant in or about February 2014. He worked in that position for about two months being paid $15.00/hour by Defendant. He then worked as a foreman for Defendant from March 3, 2014 to July 22, 2016. As a foreman, Plaintiff was paid based on the job he performed at rates set by Defendant. Plaintiff did not have any contract with Defendant in either position.

6.3 Defendant controlled most of the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the amounts to be deducted from his wages and the policies and procedures Plaintiff and the other Class Members are required to follow.

6.4 As a helper Plaintiff's primary duties included but were not limited to, pulling, dropping and terminating cable and assisting the foreman by collecting and handing him equipment and supplies.

6.5 As a foreman, Plaintiff's primary duties included but were not limited to, pulling, dropping and terminating cable, test cables, terminate and test fiber, training new employees, interacting with clients, labeling blueprints and installing satellite antennas on top of buildings.

6.6 As a foreman, Plaintiff would also be required to pick up and deliver materials to and from the parts warehouse as well as deliver parts to other job sites. He was not paid for the time spent doing that work.

6.7 While a foreman, Plaintiff was required by Defendant to have helpers. Defendant would calculate what Plaintiff made while working as a foreman based on the following figures: $20.00 per cable, $5.00 to pull cable, $5.00 to drop cable, $5.00 to faceplate and jack, and $5.00 to terminate closet. Defendant would then deduct from Plaintiff's total pay the amount that it determined would be paid to the helpers. Plaintiff had no say in the rate helpers would be paid or the manner that they would be paid. Defendant paid the helpers directly after deducting such amounts from Plaintiff's pay. Whatever was left after those deductions to pay helpers would be Plaintiff's final wages for that pay period.

6.8 Even as a foreman, Plaintiff and Class Members did not have authority to hire or fire any of Defendant's employees and did not have authority to set pay.

6.9 As a both a helper and a foreman, Plaintiff and Class Members regularly worked more than forty (40) hours per workweek. Specifically, a typical work schedule required Plaintiff to work more than 50-60 hours per week, with many weeks requiring him to work even more. Plaintiff was not a member of management. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and

independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.10 Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.11 At first, Defendant improperly classified Plaintiff and the Class Members as independent contractors. However, Defendant required Plaintiff to follow certain "rules of employment." Plaintiff was misclassified as an independent contractor during and was in fact an employee of Defendant throughout the time he worked as both a helper and foreman.

6.12 In or about January 2015, Defendant changed Plaintiff and the Class Members' status to employees. Nothing had changed about Plaintiff's job duties when his (and other Class Members') classification was changed. Even after Plaintiff and the Class Members were designated employees' they were still not paid overtime compensation when they worked over 40 hours per work week.

6.13 Plaintiff and the Class Members worked over forty hours per work week even after their status was changed to employees and Defendant failed to pay Plaintiff and the Class Members the correct overtime rate.

6.14 There was no clear mutual understanding or agreement between Defendant and Plaintiff or the Class Members that the would be paid using the fluctuating work week method of pay and how that method works, nor did Defendant pay them a fixed rate. Thus, Defendant is not entitled to utilized the FWW method of pay when determining the regular rate of pay for Plaintiff or Class Members because the amount of compensation it paid to them varied based on the amount of time worked.

# 7. COLLECTIVE ACTION ALLEGATIONS

7.1 Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as a helper or foreman within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked, (2) have been subjected to improper deductions from their wages, and/or (3) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week.

7.2 Defendant classified/classifies and paid/pays all of its helpers and foremen in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3 Defendant's helpers and foremen all perform the same essential job functions and duties of cable installation notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. Therefore, the Class Members are similarly situated to Plaintiff.

7.4 The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5 Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

"All Defendant's current and former helpers and foremen who worked for Defendant during any workweek between Jan. 1, 2014 and up to the time notice of the lawsuit is provided."

# 8. CAUSES OF ACTION

8.1 Plaintiff incorporates the allegation in the preceding paragraphs.

8.2 Defendant misclassified Plaintiff and the Class Members as independent contractors, failed to pay them wages for all hours worked and failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

8.3 Defendant's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4 Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

# 9. JURY DEMAND

9.1 Plaintiff hereby demands a trial by jury.

# 10. PRAYER

10.1 Plaintiff respectfully requests that judgment be entered against QUALITY CABLE INSTALLERS, LLC, awarding him and all similarly situated employees:

10.1.1 Unpaid wages for all hours work during the period specified herein.

10.1.2 Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.3 An equal amount of liquidated damages;

10.1.4  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5  Order and grant such other relief as is proper and just.

                Respectfully Submitted,

                ***/s/ Gregg M. Rosenberg***
                Gregg M. Rosenberg
                USDC SD/TX No. 7325
                Texas State Bar ID 17268750
                Tracey D. Lewis
                USDC SD/TX No. 212007
                Texas State Bar ID 24090230
                ROSENBERG & SPROVACH
                3518 Travis Street, Suite 200
                Houston, Texas 77002
                (713) 960-8300
                (713) 621-6670 (Facsimile)

                Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH        ATTORNEYS FOR PLAINTIFF