UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Jeremy Ryan Card, on behalf of § 
himself and on Behalf of All §
Others similarly Situated, §
    *Plaintiff*, §
                                                  § CIVIL ACTION NO. 4:17-CV-00524
v. §
   §
Quality Cable Partners, LLC, §
    *Defendant.* §

**OPINION ON MOTION FOR CONDITIONAL CLASS CERTIFICATION**

This Fair Labor Standards Act (FLSA) case is before the court on plaintiff's opposed motion for conditional certification and notice to potential class members (Dkt. 13).[1] The proposed class would include foremen and helpers who have worked for defendant QCI providing cable installation services. To date no other individual has joined the case as a plaintiff. The motion is granted in part and denied in part.

**Legal Standards**

Section 16(b) of the FLSA permits an employee to bring suit against an employer "for and in behalf of himself … and other employees similarly situated." 29 U.S.C. § 216(b). Section 16(b) also provides that "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. Unlike a standard class action under Federal Rule of Civil Procedure 23(c), section 216(b) provides an "opt-in" rather than "opt-out" procedure. *See Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003) (relying on *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212

---

[1] Plaintiff's opposed verified motion for leave to file out of time (Dkt. 12) is granted.

(5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to opt-in to the suit. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 168–70 (1989); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 62 (W.D. Tex. 2003). This collective action notice should be "timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 172. The standard for this "collective action" notice is more lenient than that for a class action. *See Mooney*, 54 F.3d at 1214.

Courts in the Southern District of Texas use a "two-stage" method for certification of an FLSA collective action. *See, e.g.*, *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003). The two stages are the "notice stage," and if necessary, the "decertification stage." At the notice stage, the court determines whether the proposed class members are similarly situated. *Mooney*, 54 F.3d at 1213. This determination is made using a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8 (citation omitted). Although the standard is lenient, it is not automatic. *Badgett v. Texas Taco Cabana, LP,* 2006 WL 2934265 at *2 (S.D.Tex. Oct. 12, 2006).

The decertification stage is typically initiated on defendant's motion after discovery is largely complete. *Mooney*, 54 F.3d at 1214. If the additional claimants are similarly situated, the court allows the representative action to proceed; if not, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Villatoro*, 286 F. Supp. 2d at 809.

Whether employees are "similarly situated" for purposes of the FLSA is determined in reference to their "job requirements and with regard to their pay provisions." *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). A plaintiff need only demonstrate a reasonable basis to believe that a class of similarly situated persons may exist. *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996). However, at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan should be presented. *Texas Taco Cabana, LP,* 2006 WL 2934265 at *2.

## Analysis

Plaintiff was employed by QCI as a foreman from January 19, 2015 to July 22, 2016. QCI is a small business in Houston that provides network cabling products and cable installation services to end-users in various industries. Prior to January 2015, QCI did not directly employ any installers. Instead, QCI outsourced the installation services to several businesses, including Needham Communications. This changed in January 2015, when QCI directly hired several Needham workers, including the plaintiff, who was then a foreman. Dkt. 15, Ex. A.

As a foreman, plaintiff was primarily paid a commission for each project, calculated on a piece rate basis for the service performed, such as $20.00 per cable installed, $5.00 per cable terminated. Unlike foremen, the helpers who worked on the projects under a foreman' direction were paid by the hour.

Plaintiff has requested conditional certification of a proposed class of similarly situated foremen and helpers who worked for QCI during the relevant time period. The

evidence accompanying plaintiff's motion leaves little doubt that other QCI foremen were similarly situated to the plaintiff, given that they performed the same duties and were paid on the same piece-rate commission basis (at least after January 2015). Dkt. 13-1. In addition, a foreman's pay was subject to certain deductions, including the hourly pay of the helpers on the job. *Id.* Thus, while the foremen might work at different job sites, they were all subject to a single pay policy.

The helpers are a different story, however. Their job duties were obviously not the same as the foremen who oversaw their work. Nor were they paid on the same basis as the foremen. Instead of a piece rate commission, helpers were paid by the hour. In other words, the helpers were paid based upon the actual time spent on the job, while the foremen were paid under a completely different system. Moreover, the material factual differences between the two job classes might also give rise to different legal defenses at trial. *See* Dkt. 15, at 7-8. Based on this record the only thing the foremen and helpers have in common is the complaint that QCI failed to pay them overtime. This is insufficient to establish that they were all the victims of "a single decision, policy or plan." Otherwise, the "similarly situated" limitation on FLSA collective actions would be rendered meaningless.

The fact that plaintiff previously worked as a helper for Needham Communications for two months in 2014 does not alter the analysis.[2] Plaintiff's declaration makes clear that he was a foreman, not a helper, when he transferred over as

---

[2] The Court is aware that after this motion to certify the class was filed, plaintiff filed a First Amended Complaint adding Mike Needham and Needham Communications as defendants. Dkt. 14. As of this date, however, neither of those defendants have been served. Dkt. 16.

an employee of QCI in January 2015. Dkt. 13-1, at ¶ 2. Nor does it appear that QCI itself employed any helpers prior to that time. For these reasons the Court concludes that QCI helpers were not similarly situated to the plaintiff and other QCI foremen, and should not be included in the conditional class.

A separate order granting the motion consistent with this opinion will be entered.

Signed at Houston, Texas, on December 29, 2017.

Stephen Wm Smith
United States Magistrate Judge