IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY RYAN CARD, on Behalf of Himself and on Behalf of Others Similarly Situated, §§§§ | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. 4:17-cv-00524 | |
| V. §§ | | |
| QUALITY CABLE INSTALLERS, LLC,§ NEEDHAM COMMUNICATIONS § AND MICHAEL LEE NEEDHAM § Defendants. § | | |

**JOINT AND AGREED**
**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs Jeremy Ryan Card, Emanuel Guerrero, Gabriel Gonzalez ("Plaintiffs") and Defendant Quality Cable Installers, LLC ("QCI") (collectively as "the Parties"), by and through their undersigned counsel, hereby jointly move the Court for approval of the Settlement Agreement and General Release (the "Settlement Agreement") attached as Exhibit A. Contingent upon this Court's approval of the Settlement Agreement and QCI's payment of the settlement funds, the Parties intend to stipulate to the dismissal, with prejudice, of Plaintiffs' claims against QCI pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

**RELEVANT BACKGROUND**

Plaintiff Jeremy Ryan Card filed his Original Collective Action Complaint on February 16, 2017. [Doc. No. 1]. QCI filed its Answer and Affirmative Defenses to Plaintiff's Original Collective Action Complaint on April 17, 2017. [Doc. No. 6]. On September 19, 2017, Plaintiff filed his Opposed Motion for Conditional Certification and Notice to Potential Class Members. [Doc. No. 13]. On October 10, 2017 QCI filed its Response in Opposition to Plaintiff's Motion for Conditional Certification and for Notice to Potential Class Members.

1

[Doc. No. 15].  On December 29, 2017 the Court granted, in part, Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members and conditionally certified this matter as a collective action under 29 U.S.C. §216(b) with respect to all current and former foremen who worked for Quality Cable Installers, LLC during any workweek between January 1, 2015 to the present.  [Doc. Nos. 21 and 22].  Finally, on May 21, 2018 Plaintiff filed his First Amended Collective Action Complaint to which QCI filed its Answer and Affirmative Defenses on May 31, 2018.  [Doc. Nos. 29 and 30].  Each version of Plaintiff's complaint alleges that QCI failed to pay Plaintiff and "its other helpers and foremen for all hours worked and also fail[ed] to pay appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*" *Id.*

QCI has answered Plaintiffs' complaints, denied Plaintiffs' claims, and asserted various defenses. In addition, QCI maintains that Plaintiffs' claims involve overwhelmingly individualized issues and are not susceptible of either class or collective treatment.  On or about June 25, 2018, the Parties reached an agreement to resolve all claims in this case.  A true and correct copy of the resulting Settlement Agreement is attached as Exhibit A.  The Parties and their respective Counsel agree the Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to the Parties.

Given that this case involves claims under the FLSA, and because the terms of the Settlement Agreement constitute a fair and reasonable compromise, the Parties seek entry of an order approving the Settlement Agreement.

## **CITATION OF AUTHORITY**

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Pedigo v. Austin Rumba, Inc.,* 722

F.Supp.2d 714, 736 (W.D.Tex.2010) (quoting *Villeda v. Landry's Rests., Inc. .,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct.7, 2009)). "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action...Rather[,] the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso,* EP–10–CV–109–PRM, 2012 WL 10862119, at *2 (W.D.Tex. Feb.29, 2012). "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is fair and reasonable resolution of a bona fide dispute over the FLSA's provisions." *Domingue v. Sun Elec. & Instrumentation, Inc.,* No. 09–682, 2010 WL 1688793, at *1 (M.D.La. Apr. 26, 2010). The Settlement Agreement agreed to by the Parties is a fair and reasonable resolution to this case because uncertainty exists in this case with respect to the disputes of fact and law. *Abernathy v. Becon Constr. Co., Inc.*, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016) ("If a settlement reflects a 'reasonable compromise over issues', the court may approve it…The Fifth Circuit has stated that a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.").

### **ARGUMENTS FOR RELEASE OF FLSA AND NON-FLSA CLAIMS**

Plaintiff alleges he has not been compensated for all hours worked, has been subject to improper deductions from his wages, and/or has not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week. [*See* Doc. No. 29]. Plaintiff further alleges that QCI willfully violated these obligations and that he is entitled to unpaid overtime and straight time wages, liquidated damages and attorneys' fees. *Id.*

By contrast, QCI asserts multiple affirmative defenses and denies that Plaintiffs or any other employees regularly worked more than forty (40) hours per work week, were subject to any improper deductions from owed wages, and were not compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week (of which there were none). [*See* Doc. No. 30]. QCI further denies any willful violation of these obligations and maintains that even if Plaintiffs' allegations were correct, which they are not, QCI acted in good faith and Plaintiffs cannot establish that QCI engaged in willful conduct within the meaning of the FLSA and therefore cannot recover damages beyond the two-year limitations period or liquidated damages. *Id.*

Additionally, during the course of this litigation, Defendant has discovered potential claims it may have against Plaintiff(s). In exchange for the release of Defendant's claims against Plaintiffs, Plaintiffs have agreed to release any non-FLSA claims they may have against Defendant as provided for in the Settlement Agreement.

Given the above bona fide disputes surrounding liability and damages, including a dispute over the hours worked by Plaintiffs and wages due to Plaintiffs, the Parties believe the instant settlement is fair and reasonable under the facts and circumstances of this particular case. Accordingly, the Parties respectfully request that this Court sign the attached order approving the settlement.

    Respectfully submitted,

    **CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

    By: __/s/ Diana Pérez Gomez____
        Diana Pérez Gomez
        State Bar No. 24041674
        Fed ID No. 606231

        1200 Smith, Suite 1400
        Houston, Texas 77002
        Telephone: (713) 658-1818
        Facsimile: (713) 658-2553
        diana.gomez@chamberlainlaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT QUALITY CABLE INSTALLERS, LLC**

**ROSENBERG & SPROVACH**

By: _/s/ Trace D. Lewis*_____
    Gregg M. Rosenberg
    Fed ID No. 7325
    Texas State Bar ID 17268750
    Tracey D. Lewis
    Fed ID No. 212007
    Texas State Bar ID 24090230
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone: (713) 960-8300
Facsimile: (713) 621-6670
*singed by permission

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Federal Rule of Civil Procedure 5, on October 16, 2018 to all counsel of record.

    Gregg M. Rosenberg
    Tracey D. Lewis
    Rosenberg & Sprovach
    3518 Travis St., Suite 200
    Houston, Texas 77002

        _/s/ Diana Pérez Gomez_____
        Diana Pérez Gomez

5